**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CARLOS JAVIER MUNOZ MARTINEZ,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL NO. SA-26-CV-3861-OLG** |
| **MIGUEL VERGARA *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Carlos Javier Munoz Martinez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4), and Petitioner filed a reply (Dkt. No. 5). Petitioner is a native of Venezuela who was temporarily admitted to the United States on a visitor visa. *See* Dkt. No. 4 at 2. However, he remained beyond the authorized period. *See* Dkt. Nos. 4 at 2; 4-1 at 1. Petitioner received temporary protected status thereafter, but it was terminated in 2025. *See* Dkt. Nos. 1 at 5; 4 at 3. When encountered by immigration authorities in 2026, he was arrested and placed in removal proceedings. *See* Dkt. No. 4-1 at 1. Petitioner received a bond hearing on March 6, 2026, during which the immigration judge ("IJ") determined that he poses a flight risk. Dkt. No. 4-2 at 3. Petitioner previously initiated a habeas case challenging his detention on due process grounds, which the Court dismissed because it lacks jurisdiction to review the IJ's finding that he poses a flight risk. *See* Dkt. No. 4-1 at 2. On June 17, 2026, Petitioner initiated this second habeas action, wherein he again challenges his detention on due process grounds. *See* Dkt. No. 1 at 6–10.

As the Court previously stated, it is precluded from reviewing the IJ's determination that Petitioner poses a flight risk. *See* Dkt. No. 4-1 at 1. Under 8 U.S.C. § 1226(e), the "Attorney General's discretionary judgment . . . shall not be subject to review. No court may set aside any

action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Therefore, § 1226(e) strips the Court of jurisdiction to review the IJ's factual findings. *E.g.*, *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *R. & R. adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025); *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 WL 221833, at *1 (D. Mass. Jan. 28, 2026). Because the Court lacks jurisdiction to review the IJ's determination that Petitioner poses a flight risk, the Petition must be dismissed without prejudice.

While there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey*, No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008).

Insofar as Petitioner asserts that the immigration judge impermissibly placed the burden on him to demonstrate that he is neither a flight risk nor a danger to the community, *see* Dkt. No. 1 at 7–8, he is mistaken. The Court has repeatedly held that "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

This case is **CLOSED**.

**IT IS SO ORDERED.**

**SIGNED** on October 5, 2026.

ORLANDO L. GARCIA
United States District Judge